IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GREGORY KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-cv-3309 |
| | ) | |
| FRANK SPALDING, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

RICHARD MILLS, U.S. District Judge:

Defendant Frank Spaulding's Motion to Dismiss [d/e 9] is allowed for the following reasons.

I.

A.

Plaintiff Gregory King initiated this action against the Defendant on August 15, 2011, filing a six-page form civil rights complaint. *See* Complaint [d/e 1]. The Defendant is the manager of the Springfield Parole Office of the Illinois Department of Corrections.

1

According to the Complaint [d/e 1], the Plaintiff served an excessive period of incarceration in the Illinois Department of Corrections at the Dixon Correctional Center, Dixon, Illinois. The Plaintiff claims that he was not given proper credit for time spent confined at the Kane County Adult Justice Center, St. Charles, Illinois.

The Plaintiff alleges that he should have received credit pursuant to *Jackson v. Fairman*, 94 Ill. App. 3d 131 (4th Dist. 1981).

According to the Complaint, the Plaintiff brings this action under 42 U.S.C. §§ 1983, 1985, 1986. On the Civil Cover Sheet [d/e 1-1], the Plaintiff lists the following statutes in the "Cause of Action" box: 42 U.S.C.A. § 1983; 730 ILCS 5/3-3-9; and 735 ILCS 5/10-124.

Specifically, the Plaintiff claims that the Defendant "failed to intervene to protect plaintiff from violation of plaintiff's civil rights by one or more other defendants," "conspired together to violate one or more of plaintiff's civil rights," and "Failed to give county time served towards parole time. Never answered grievance."

The Plaintiff states that he was charged with "Aggravated domestic battery (1 count) Resisting arrest (2 counts)." The Plaintiff argues as follows:

> I was found not guilty of domestic battery and 1 count of resisting. I served 7 months 8 days in the county of Kane for resisting. Resisting carries up to 364 days in county and good time must apply if no one was injured; that equals 6 months. The court exceeded its limit of jurisdiction as to sum. Parole was violated. I wrote a grievance to Springfield. It was never answered. I then spent another 8 months in prison after county time. (According to "Jackson v Fairman" I should have been given credit for county time towards parole time.) I should have been out April 15 because that was 8 months total incarceration, but since the court kept me too long in Kane Co. That makes the conviction null and void. I should have never done 15 months for a misdemeanor.

Complaint [d/e 1], pages 3-4.

The Plaintiff states that "As a result of defendant's conduct, plaintiff was injured as follows: Fell and hurt back. Loss of freedom, Loss of wages Loss of consortium with Fiancee & family." The Plaintiff also makes a claim for false imprisonment and has requested trial by jury. He has demanded $500,000.00 in damages and seeks punitive damages.

B.

The Defendant filed his Motion to Dismiss [d/e 9] on December 5, 2011. In the Motion, the Defendant argues that the Plaintiff's

3

Complaint is deficient under Federal Rule of Civil Procedure 8(a)(2), because it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In addition, the Defendant argues that the Plaintiff fails to make a prima facie case under 42 U.S.C. § 1983.

The Plaintiff has not responded to the Motion to Dismiss.

II.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation marks and citation omitted).

The Court "construe[s] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Where the plaintiff is a pro se litigant, the Court must liberally construe the pleadings. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

### III.

The Court notes that the Complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and does not give the Defendant fair notice of the claim against him. *See* Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

To establish liability under Section 1983, a litigant must establish two elements: (1) state action, i.e., that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, i.e., that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. 42 U.S.C. § 1983.

The Plaintiff has not specifically alleged a violation of the Constitution or laws of the United States. Rather, the Defendant has alleged violations of Illinois statutes and case law. To the extent that the Plaintiff is raising a due process claim, he fails to establish how the

Defendant infringed upon his rights. The Plaintiff has failed to make a prima facie case under Section 1983.

To prevail on a Section 1985 claim, a plaintiff needs to demonstrate that two or more people conspired to deprive a person of his or her rights. *See* 42 U.S.C. § 1985(3). Here, the Plaintiff has brought the action against a lone defendant and has not adequately alleged the meeting of the minds that a viable conspiracy claim requires. *See Hess v. Kanoski & Assoc.*, 668 F.3d 446, 456 (7th Cir. 2012); *Arar v. Ashcroft*, 585 F.3d 559, 569 (2d Cir. 2009). Thus, the claim must be dismissed.

A person may be liable under Section 1986 if he or she "[has] knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do." 42 U.S.C. § 1986. It follows that if the Plaintiff has not adequately alleged a conspiracy under Section 1985, he cannot proceed under Section 1986.

IV.

Therefore, the Court concludes that the Complaint must be dismissed. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

*Ergo*, the Defendant's Motion to Dismiss [d/e 9] is ALLOWED. The Plaintiff's Complaint [d/e 1] is DISMISSED.

The Clerk of Court is directed to CLOSE the case.

IT IS SO ORDERED.

ENTER: March 21, 2012

FOR THE COURT:                                   */s/ Richard Mills*
                                                             _____
                                                                            Richard Mills
                                                                  United States District Judge